UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT D.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5354 RAJ

**ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits.  Plaintiff contends the ALJ erred by rejecting his testimony regarding the severity of his Crohn's disease symptoms, and rejecting the opinions of Steve Paul Larson, M.D.  Dkt. 21, p. 1.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 46 years old, has at least a high school education, and has worked as a plumber's helper, general hardware salesperson, fast food worker, and cart attendant/building material sales attendant.  Admin. Record ("AR") (Dkt. 19) 22–23, 39,

85.  On June 19, 2017, Plaintiff applied for benefits, alleging disability as of April 1, 2017.  AR 85–86, 220–27.  Plaintiff's applications were denied initially and on reconsideration.  AR 83–138.

ALJ Malcolm Ross conducted a hearing on January 31, 2019, after which he issued a decision finding Plaintiff not disabled.  AR 13–24, 30–82.  In relevant part, ALJ Ross found Plaintiff had severe impairments of depression and Crohn's disease.  AR 15.  The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform medium work, with additional cognitive and social restrictions.  AR 18.  The ALJ found Plaintiff was unable to perform his past work, but able to perform other work that existed in significant numbers in the national economy.  AR 22–24.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1–3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020).

**A.     Plaintiff's Testimony Regarding Crohn's Disease**

Plaintiff contends the ALJ erred by rejecting his testimony regarding the severity of his symptoms from Crohn's disease.[1]  Dkt. 21, pp. 2–4.  Plaintiff testified his Crohn's

---

[1] Plaintiff inexplicably contends the ALJ failed to give "germane" reasons for rejecting Plaintiff's symptom testimony.  Dkt. 21, p. 2.  An ALJ is required to meet a higher standard than this, and counsel risks prejudicing his own client by suggesting a lower standard.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

disease had been a problem for about three years.  AR 50.  He testified he was able to manage it with medication and still work until about 2016.  AR 50–51.  Plaintiff testified he experienced symptoms including nausea, vomiting, and rectal bleeding, but the nausea was the main problem that was unmanageable.  *See* AR 51–53.  Plaintiff testified he was experienced nausea one to three times a week until summer 2018, when it increased to three to four times per week.  AR 68.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited."  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged."  *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014).  At this stage, the claimant need only show the impairment could reasonably have caused some degree of the symptoms; he does not have to show the impairment could reasonably be expected to cause the severity of symptoms alleged.  *Id.*  The ALJ found Plaintiff met this step.  AR 19.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "by offering specific, clear and convincing reasons for doing so.  This is not an easy requirement to meet."  *Garrison*, 759 F.3d at 1014–15.

The ALJ here rejected Plaintiff's testimony regarding the severity of his Crohn's disease symptoms because he concluded it was inconsistent with the medical evidence

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 3

and Plaintiff's functioning, as demonstrated by his activities of daily living. AR 19–20.

The ALJ erred in rejecting Plaintiff's testimony as inconsistent with the medical evidence. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But the ALJ must explain how the medical evidence contradicts the claimant's testimony. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ "cannot simply pick out a few isolated instances" of medical health that support his conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of [his] symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016).

The ALJ pointed to several treatment notes where Plaintiff's abdomen was found on exam to be nontender with good bowel sounds. *See* AR 458, 1048, 1053, 1056, 1061, 1071. But, as the ALJ acknowledged, Plaintiff's symptoms worsened in August 2017, with records noting Plaintiff had multiple bowel movements a day, including bloody stool, and vomiting at least three times a week. *See* AR 1055, 1068. The ALJ failed to explain how normal findings such as a nontender abdomen contradicted Plaintiff's testimony that he had symptoms including nausea, vomiting, and rectal bleeding, particularly when the ALJ acknowledged records of worsening symptoms. The ALJ thus erred in rejecting Plaintiff's testimony as inconsistent with the medical evidence.

The ALJ similarly erred in rejecting Plaintiff's testimony as inconsistent with his

daily activities. An ALJ may reject a plaintiff's symptom testimony based on his daily activities if they contradict his testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). However, "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from [his] credibility as to [his] overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at 603). The activities the ALJ referenced are the same type of activities the Ninth Circuit referenced: Plaintiff handling his own personal care, preparing his own meals, doing some housecleaning, driving a car, spending time with others, and managing his finances. *See* AR 20. Plaintiff's ability to do such tasks of ordinary living does not contradict his testimony that he suffered from nausea, vomiting, and rectal bleeding, or demonstrate transferable work skills. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). The ALJ therefore failed to provide any clear and convincing reasons for rejecting Plaintiff's testimony.

**B.   Dr. Larson's Opinions**

Plaintiff argues the ALJ erred by rejecting Dr. Larson's opinions. Dkt. 21, pp. 4–5. Dr. Larson was one of Plaintiff's treatment providers. *See* AR 445–91, 495–503, 782–84, 1046–62, 1067–74. On December 19, 2018, Dr. Larson completed a questionnaire

from Plaintiff's counsel regarding Plaintiff's limitations. *See* AR 1073–74. Dr. Larson first agreed Plaintiff's Crohn's disease symptoms had been under reasonably good control, but worsened three months prior to December 2018. AR 1073. Dr. Larson indicated that since Plaintiff's symptoms worsened, he had been experiencing vomiting, rectal bleeding, and abdominal pain. *Id.* Dr. Larson last agreed with Plaintiff's counsel's statement that if Plaintiff had attempted even sedentary work since three months prior to December 2018, the combination of his medical impairments would have resulted in absenteeism of three or more days per month on a more probable than not basis. AR 1074.

The ALJ rejected Dr. Larson's opinions because he "fail[ed] to provide any explanation or citations to medical evidence supporting his opinion . . . . even though the form asks for an explanation." AR 22. The ALJ further rejected Dr. Larson's opinions because they were inconsistent with the medical record and Plaintiff's activities of daily living. *Id.*

The Commissioner argues new regulations promulgated in 2017 change the standard by which the ALJ's reasons for rejecting medical providers' opinions are measured. *See* Dkt. 22, pp. 4–7. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Commissioner's argument is twofold. First, the Commissioner argues the

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

new regulations eliminate a hierarchy among medical opinions, superseding any priority the Ninth Circuit's current standards were based upon.  Second, the Commissioner argues the new regulations no longer require an ALJ to reject an opinion at all, but instead require an ALJ to merely state how persuasive he or she found an opinion.

The clear and convincing standard for rejecting uncontradicted opinions has its origins in general administrative law.  In *White Glove Building Maintenance, Inc. v. Brennan*, 518 F.2d 1271 (9th Cir. 1975), the Ninth Circuit held an administrative factfinder erred in rejecting uncontradicted testimony "without a detailed explanation of his reasons for so rejecting." *Id.* at 1276.  A few months later, the Ninth Circuit applied this holding more specifically to the uncontradicted opinions of two doctors in a Social Security disability case, holding an ALJ must "expressly state clear and convincing reasons" for rejecting such opinions.  *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (citing *White Glove Bldg. Maint.*, 518 F.2d 1271; *Hassler v. Weinberger*, 502 F.2d 172, 178 (7th Cir. 1974)).  The Ninth Circuit continues to cite this standard, although it has not had the opportunity to do so in a case where the Commissioner's new regulations apply.  *See Ford*, 950 F.3d at 1154.

The genesis of the "specific and legitimate" standard for contradicted opinions was the Ninth Circuit's decision in *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983).  In *Murray*, the ALJ rejected the opinions of a treating doctor in favor of the opinions of an examining doctor.  *See id.* at 501.  The Ninth Circuit reviewed precedent from other circuits and determined an ALJ must ordinarily give more weight to the opinions of a

treating doctor because that doctor is "'employed to cure'" the claimant and has a "'greater opportunity to observe and know the patient as an individual.'" *Id.* at 502 (quoting *Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir. 1983)).  Thus, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray*, 799 F.2d at 502.  The Ninth Circuit made no reference to regulations promulgated by the Social Security Administration regarding treatment of medical opinions in reaching its conclusion. *See id.*

In 1991, the Commissioner promulgated regulations setting forth standards for reviewing medical regulations.  56 Fed. Reg. 36932-01, 1991 WL 142361 (Aug. 1, 1991). Those regulations established a hierarchy mirroring the one set out by the Ninth Circuit, in which treating sources are given more weight than non-treating sources, and examining sources are given more weight than non-examining sources.  *See id.* at *36935–36; 20 C.F.R. §§ 404.1527(c), 416.927(c).  The Ninth Circuit mentioned these regulations in its 1995 opinion in *Lester*, and continued to rely on the "clear and convincing" and "specific and legitimate" standards.  *See Lester*, 81 F.3d at 830–31.

In 2017, the Commissioner revised its regulations to eliminate the hierarchy of medical opinions.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Under the new regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those

from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The Commissioner's new regulations still require the ALJ to explain his or her reasoning, and to specifically address how he or she considered the supportability and consistency of the opinion. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

The Ninth Circuit has not yet considered whether the 2017 regulations will cause it to reevaluate the standards set forth in *Day* and *Murray* for review of medical opinions. This Court is bound by precedent of the Ninth Circuit and may not overrule a decision from that court. *See In re Albert-Sheridan*, 960 F.3d 1188, 1192–93 (9th Cir. 2020); *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001); *see also Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 455 (2015) ("Overruling precedent is never a small matter."). The history of the "clear and convincing" standard indicates it will not likely be altered by the new regulations, as it was based on evidentiary principles in administrative law, and not on a hierarchy of medical opinions. *See Day*, 522 F.2d at 1156; *White Glove Bldg. Maint.*, 518 F.2d at 1276.

The new regulations also do not clearly supersede the "specific and legitimate" standard. That standard is not an articulation of how ALJs must weigh or evaluate opinions, but rather a standard by which the court evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence. Whatever factors the Commissioner considers in evaluating a medical opinion, he must explain his reasoning to allow for meaningful judicial review, and the Ninth Circuit's "specific and legitimate" standard is merely a benchmark against which the Court evaluates that reasoning.

The Commissioner next argues the standards from *Murray* no longer apply because ALJs "ha[ve] no obligation to accept, reject, or even give any specific evidentiary weight to a medical opinion," but must articulate only how "persuasive" the opinion is. Dkt. 22, p. 6. This argument lacks merit. If an ALJ finds an opinion "unpersuasive," and does not account for it in a claimant's RFC, the ALJ has rejected that opinion. Even under the Commissioner's new regulations, the ALJ must articulate why he has rejected the opinion. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b).

Turning to Dr. Larson's opinions, the ALJ's reasoning is not supported by substantial evidence. The ALJ erred in finding Dr. Larson's opinions were unexplained because Dr. Larson's treatment notes could provide the explanation. *See Garrison*, 759 F.3d at 1013 (holding ALJ erred in rejecting doctor's opinions as inadequately explained while ignoring the doctor's treatment records). As explained above, the ALJ erred in evaluating the medical evidence, which included Dr. Larson's treatment notes. Accordingly, the ALJ's finding that Dr. Larson's opinions were inadequately explained is not supported by substantial evidence because the ALJ did not properly evaluate Dr. Larson's treatment notes, which could have explained and supported his opinions.

The ALJ similarly erred in rejecting Dr. Larson's opinions as inconsistent with the medical evidence and Plaintiff's daily activities. The ALJ's analysis here was the same as his analysis with respect to Plaintiff's testimony, and fails for the same reasons.

C. **Scope of Remand**

Plaintiff cursorily asks the Court to remand this matter for an award of benefits.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 10

*See* Dkt. 21, p. 6. Except in rare circumstances, the appropriate remedy for an erroneous denial of benefits is remand for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1043 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)). Plaintiff has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances. The Court will remand for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's testimony and Dr. Larson's opinions. The ALJ shall reassess Plaintiff's RFC, and all relevant steps of the disability evaluation process. The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 8th day of January, 2021.

_____
The Honorable Richard A. Jones
United States District Judge